# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 07-10781-DHW |
| | Chapter 13 |
| JOSEPH A. NEWTON, | |
|     Debtor. | |
| | |
| JOSEPH A. NEWTON, | |
|     Plaintiff, | |
| v. | Adv. Proc. 08-1106-DHW |
| | |
| ACC OF ENTERPRISE, INC., | |
|     Defendant. | |

_____

| | |
|---|---|
| In re | Case No. 07-10958-DHW |
| | Chapter 13 |
| BENNIE BARROW, | |
|     Debtor. | |
| | |
| BENNIE BARROW, | |
|     Plaintiff, | |
| v. | Case No. 08-1107-DHW |
| | |
| ACC OF OZARK, INC., | |
|     Defendant. | |

_____

| | |
|---|---|
| In re | Case No. 07-10065-DHW |
| | Chapter 13 |
| MABLE RUTTLEN, | |
|     Debtor. | |
| | |
| MABLE RUTTLEN, | |
|     Plaintiff, | |
| v. | Case No. 08-1108-DHW |
| | |
| ACC OF ENTERPRISE, INC., | |
|     Defendant. | |

|                              |                              |
| ---------------------------- | ---------------------------- |
| In re                        | Case No. 07-10739-DHW        |
|                              | Chapter 13                   |
| DIANE PETERSON,              |                              |
|     Debtor. |                           |
|                              |                              |
| DIANE PETERSON,              |                              |
|     Plaintiff, |                        |
| v.                           | Case No. 08-1109-DHW         |
|                              |                              |
| ACC OF EUFAULA, INC.,        |                              |
|     Defendant. |                        |

## MEMORANDUM OPINION

In the above-styled adversary proceedings, the debtor/plaintiffs seek relief predicated on the disclosure of their unredacted social security numbers in the proofs of claim filed by the defendants. The defendants filed motions under Fed. R. Bankr. Proc. 7012(b) to dismiss the complaints for failure to state a claim upon which relief can be granted. For the reasons that follow, the motions will be granted.

The complaints, as amended, assert seven counts. Count 1 seeks monetary damages plus attorney fees through the contempt power of this court, 11 U.S.C. § 105, for violation of this court's local rules. Count 2 seeks monetary damages plus attorney fees through the contempt power of this court for violation of 11 U.S.C. § 107. Count 3 seeks monetary damages plus attorney fees through the contempt power of this court for violation of Fed. R. Bankr. P. 9037. Count 4 seeks actual, compensatory, and punitive damages plus attorney fees for abuse of the bankruptcy process. Count 5 seeks injunctive relief and attorney fees. Count 6 seeks actual, consequential and punitive damages for invasion of privacy. Finally, Count 7 seeks disallowance of the defendants' claims in the underlying chapter 13 cases plus attorney fees.

## Jurisdiction

The court's jurisdiction in these proceedings is derived from 28 U.S.C. § 1334 and an order of the United States District Court for this district which refers jurisdiction in title 11 matters to the Bankruptcy Court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) thereby extending this court's jurisdiction to the entry of a final order or judgment.

## Discussion

Factually, it is undisputed that the defendants ("ACC") filed claims in each of the underlying chapter 13 cases that included the debtors' full and unredacted Social Security numbers.[1] The plaintiffs contend that the defendants "willfully and/or negligently communicated or otherwise made available to the general public" personal data which is protected under the Bankruptcy Code and Rules. *See* Amended Complaints, ¶ 22.[2]

Counts 1, 2, 3, and 4

Each of the first four counts seek to recover actual, compensatory, and punitive damages under the court's contempt powers of § 105. By seeking monetary damages, the plaintiffs are prosecuting a private right of action under or through the contempt powers of this court. In the first three counts, plaintiffs base their claim for damages on the defendants' violation of local and national rules of procedure and the Bankruptcy Code itself. The fourth count alleges abuse of process.

Other courts have held that a private right of action for damages does not exist under 11 U.S.C. § 105 unless a private right of action is expressly or

---

[1] ACC filed a proof of claim in the Newton bankruptcy on June 29, 2007; in the Barrow case on August 3, 2007 and on October 31, 2007; in the Ruttlen case on March 15, 2007 and June 8, 2007; and in the Peterson case on June 28, 2007.

[2] In consideration of a Rule 12(b) motion to dismiss, the court must accept as true the plaintiff's version of the facts as set out in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

3

impliedly created in other provisions of the bankruptcy law. "It is error for the court to rely on § 105(a) to confer a private right of action to collect damages. (Section 105 is not to be used for the purpose of creating private remedies that are not expressly or impliedly created in other provisions of title 11)." *Taylor v. United States (In re Taylor)*, 263 B.R. 139, 151-52 (N.D. Ala. 2001) (citation omitted); *Ballard v. Chrysler Financial Corporation (In re Powe)*, 278 B.R. 539, 556 (Bankr. S.D. Ala. 2002); *Bessette v. AVCO Financial Services, Inc.*, 230 F.3d 439, 444-45 (1st Cir. 2000); *In re Tate*, 253 B.R. 653 (Bankr. W.D.N.C. 2000).

Count 1 is predicated upon a violation of this court's local rules. At the time ACC filed its claims in these chapter 13 cases, this court's local rules, which became effective on May 1, 2004, were in effect. The relevant local rule provided:

> Any pleading or paper filed with the Court shall be subject to the following provisions:
> (3) Only the last four digits of any social security number shall be disclosed, except as required in Official Form B 21

LBR 5005-2(3), Bankr. M.D. Ala. Nothing in the express language of the local rule creates a private right of action to remedy a party's noncompliance.

Count 2 is predicated upon a violation of 11 U.S.C. § 107(c). The statute provides:

> (c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
>> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c). Nothing in the express language of the statute creates a private right of action. Beyond lack of any express language creating a private cause of action, § 107 does not regulate the behavior of the parties, but rather addresses the operation of the court. "Section 107 does not give rise to a private cause of action; rather, it grants power to the Court to restrict the filing of certain information, for cause." *Southhall v. Check Depot, Inc. (In re Southhall)*, 2008 WL 5330001, *2 (Bankr. N.D. Ala. Dec. 19, 2008).

Count 3 rests upon a violation of Fed. R. Bankr. P. 9037. Because Rule 9037 became effective December 1, 2007, it is inapplicable to these claims, which were all filed prior to that date. Therefore, Count 3 is due to be dismissed without further analysis.

Having found that neither the local rule nor the statute expressly creates a private right of action, the court must determine whether one is implied. The Supreme Court in *Cort v. Ash*, 422 U.S. 66, 78, 95 S. Ct. 2080, 45 L. Ed.2d 26 (1975) set out four factors relevant to determining whether a private right of action is implicit in a statute:

> First, is the plaintiff 'one of the class for whose especial benefit the statute was enacted,' — that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Id.* at 2088 (citations omitted).

In the instant proceedings, the plaintiffs are bankruptcy debtors within the class for whose benefit the statute and rule were enacted. Further, the causes of action embraced by Counts 1 through 4 are not ones traditionally relegated to state law; the Bankruptcy Code and local rules of this court are uniquely creatures of federal law. In addition, a private right of action could be viewed

5

as consistent with the underlying legislative scheme and purpose of the local rule of protecting debtors from identity theft.

However, the Supreme Court later clarified that the critical factor to consider is legislative intent:

> It is true that in *Cort v. Ash*, the court set forth four factors that it considered "relevant" in determining whether a private remedy is implicit in a statute not expressly providing one. But the Court did not decide that each of these factors is entitled to equal weight. The central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action. Indeed, the first three factors discussed in *Cort* – the language and focus of the statute, its legislative history, and its purpose – are ones traditionally relied upon in determining legislative intent.

*Touche Ross & Co. v. Redington*, 442 U.S. 560, 575-76, 99 S. Ct. 2479, 61 L. Ed. 2d 82 (1979) (citations omitted). To provide a private right of action not otherwise created in the Bankruptcy Code, this court would have to conclude that such was the intent of Congress. *Alexander v. Sandoval*, 532 U.S. 275, 1215 S. Ct. 1511, 149 L. Ed. 2d 517 (2001).

The undersigned is unaware of anything in the legislative history of § 107 or this court's own local rule that would lead to the conclusion that a private right of action was being created. Congress created private rights of action in other sections of the Bankruptcy Code. *See, e.g.,* 11 U.S.C. §§ 362(k) and 526(c)(3). Congress could have easily included a private right of action in § 107 had it intended for one to exist.

Therefore, Counts 1 and 2 should be dismissed because no private right of action exists under § 105, § 107, or LBR 5005-2. Count 3 is due to be dismissed because Fed. R. Bankr. P. 9037 was not in effect at the time the claims in question were filed.

Count 4, like the first three counts, requests monetary damages through this courts statutory contempt powers based upon the defendants' abuse of process. Because there is no private right of action under § 105, the plaintiffs

6

Case 08-01109   Doc 17   Filed 01/29/09   Entered 01/29/09 15:32:24   Desc Main
Document      Page 6 of 9

cannot maintain this claim. *See Patrick v. Dell Financial Services, L.P. (In re Patrick)*, 344 B.R. 56, 59 (Bankr. M.D. Pa. 2005).

Count 5

In Count 5, the plaintiffs seek injunctive relief to prevent the defendants from "publishing the Plaintiff's full Social Security Number over the internet." *See* Amended Complaints, ¶ 86. In each of the underlying bankruptcy cases, the plaintiffs have filed motions seeking orders restricting public access to view the offending claims. Each of these motions was granted by this court *ex parte*. Therefore, Count 5 is due to be dismissed as moot.

Count 6

The plaintiffs claim that filing a claim with the debtors' full social security number is an invasion of their privacy under Alabama law. Under Alabama law, giving publicity to private information that violates ordinary decency constitutes a claim of invasion of privacy. *Butler v. Town of Argo*, 871 So. 2d 1, 12 (Ala. 2003). To constitute publicity, the matter must be communicated to the public at large. *Johnston v. Fuller*, 706 So. 2d 700, 703 (Ala. 1997). Although the plaintiff's full social security numbers were available by accessing this court's electronically stored records, the debtors have failed to allege any facts that would support a finding that the matter was publicized to the public at large.

In a case similar to the one here, Judge Mitchell made these observations about the likelihood of publication to the public at large as it pertains to a bankruptcy court's electronic records:

> [W]hile the Claim was filed with this Court via the electronic filing system, such information is only available to parties who take affirmative actions to seek out the information. There are three was to view information filed in any particular debtor's case. For access to the Court's electronic database, parties must be licensed to practice law and must register with the Court and obtain a login and password. As officers of the Court, that an attorney may have had access to this information does not pose a risk to the Debtor.

7

> Other creditors of the Debtor already had access to this information. The notice of the section 341 meeting of creditors that was mailed to all of the Debtor's creditors contained the Debtor's full social security number as required by Rule 2002(a)(1) of the Federal Rules of Bankruptcy Procedure. The 341 notice accessible in PACER is a redacted notice pursuant to Rule 9037 and contains only the Debtor's last four digits of her social security number. The final way to gain access to the bankruptcy file is to physically visit the Clerk's Office and use the computers provided to the public there. While it would appear that public access is freely granted to case files, if sought out, the likelihood that any member of the public viewed the Debtor's file is remote. The Clerk's Office sees little foot traffic, very few members of the public access the Court's electronic database in the Clerk's Office. . . . The Court therefore finds that the information was not in fact "publicized" and did not constitute an invasion of privacy.

*Southhall,* 2008 WL 533001, *3. The undersigned agrees with this rationale and finds the facts alleged by the plaintiffs do not constitute the type of publication that is required to prevail on their counts of invasion of privacy.

Count 7

After the defendants' motions to dismiss were filed, the plaintiffs amended their complaints to assert Count 7, which seeks to strike the claims of ACC. The striking of a claim, however, is not a cause of action in and of itself but rather a remedy. For this reason, Count 7 of these adversary proceedings is due to be dismissed for failure to state a claim.

**Conclusion**

For these reasons, the defendants' motions to dismiss these complaints will be granted. This result does not mean that the court, through the contempt powers of § 105, cannot impose sanctions upon creditors who improperly file papers containing the debtor's personal identifiers. Indeed, this court has broad powers to craft orders under § 105 that will carry out the provisions of the Bankruptcy Code. Sanctions would be appropriate where it was shown that a

8

creditor flaunted the law with knowledge of its proscriptions, failed to take remedial action once violations were discovered, or acted deliberately as opposed to mistakenly or inadvertently. Nevertheless, these complaints asserting a private right of action fail to state a claim upon which relief can be granted.

Pursuant to Fed. R. Bankr. P. 9021, a separate order consistent with this memorandum opinion will enter dismissing these adversary proceedings.

Done this 29th day of January, 2009.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiffs
   Bowdy J. Brown, Attorney for Defendants